# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JAMES MATTHEW THOMPSON, ) Case No. EDCV 17-00001-JEM
        Plaintiff, )
    v. ) MEMORANDUM OPINION AND ORDER
         ) AFFIRMING DECISION OF THE
NANCY A. BERRYHILL, ) COMMISSIONER OF SOCIAL SECURITY
Acting Commissioner of Social Security, )
        Defendant. )

## PROCEEDINGS

On January 1, 2017, James Matthew Thompson ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on April 18, 2017. On July 26, 2017, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 47 year-old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on March 29, 2013, alleging disability beginning April 24, 2011. (AR 14.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 24, 2011, the alleged onset date. (AR 16.)

Plaintiff's claims were denied initially on September 19, 2013, and on reconsideration on January 10, 2014. (AR 14.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Michael D. Radensky on January 26, 2015, in San Bernardino, California. (AR 14.) Plaintiff appeared and testified at the hearing and was represented by a non-attorney representative. (AR 14.) Vocational expert ("VE") Carmen Roman also appeared and testified at the hearing. (AR 14.)

The ALJ issued an unfavorable decision on April 3, 2015. (AR 14-24.) The Appeals Council denied review on September 29, 2016. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered the opinion of Alfred De La Torre, M.D.
2. Whether the ALJ properly evaluated if Listing 1.04A was met or equaled.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 24, 2011, the alleged onset date. (AR 16.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairment: degenerative disc disease of the neck and back. (AR 16-17.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 17.)

The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) with the following limitations:

> Occasional climbing of ramps/stairs, balancing, stooping, kneeling, crouching and crawling, no climbing of ladders/ropes/scaffolds, with additional need to avoid even moderate exposure to vibration, unprotected heights or dangerous machinery. In addition, Claimant is limited to occasional over shoulder work with the bilateral upper extremities.

(AR 17-22.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely credible," a finding which Plaintiff does not challenge here. (AR 21.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a maintenance worker and plumber. (AR 22.) The ALJ, however, also found that, considering the Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Claimant can perform, including the jobs of parking lot cashier, laundry worker, and merchandise marker. (AR 22-23.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 23.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ rejected the opinion of examining physician Dr. Alfred De La Torre for specific, legitimate reasons supported by substantial evidence. The ALJ also properly found that Plaintiff did not meet or equal a Listing, in particular Listing 1.04A.

### I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends that the ALJ improperly rejected the opinion of treating physician Dr. Alfred De La Torre. The Court disagrees.

#### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence,

including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's

opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.  Analysis**

The ALJ determined that Plaintiff has degenerative disc disease of the neck and back. (AR 16.) Notwithstanding these impairments, the ALJ assessed Plaintiff with an RFC for a reduced range of light work (AR 17) and thus concluded that Plaintiff was not disabled. (AR 23.)

The only medical source who opined that Plaintiff was disabled was Dr. Alfred De La Torre. (AR 21.) He diagnosed degenerative joint disease with straightening of the cervical spine and spinal canal stenosis and numbness that would constantly interfere even with simple work-related tasks and result in missing work for more than four days a month. (AR 21, 1074-1075.) The ALJ, however, found that the underlying documentation in the record fails to support the limitations assessed by Dr. De La Torre which the ALJ found excessive in light of the objective evidence of record. (AR 21.) The ALJ also concluded that Dr. De La Torre's opinion that Plaintiff is unable to work is based primarily on the subjective statements of the Claimant. (AR 21.)

The ALJ rejected Dr. De La Torre's opinion for specific, legitimate reasons supported by substantial evidence. The ALJ determined that the medical evidence of record does not support Dr. De La Torre's assessed limitations. An ALJ may reject a treating physician's opinion that is conclusory, brief and that does not have supportive evidence, is contradicted by other assessments, is unsupported by the record as a whole or is unsupported by or inconsistent with his or her treatment notes. Batson v. Comm'r, 359 F.3d 1190, 1195 and n.3 (9th Cir. 2004); Bayliss, 427 F.3d at 1216. In July and October 2012, treating Kaiser physician Dr. Tran assessed cervicalgia for Plaintiff's neck pain but declined Plaintiff's request for a

permanent disability assessment. (AR 19.) In November 2012, Dr. Tran again assessed cervicalgia, prescribing only ibuprofen; there also was a normal MRI, and neck and upper extremity range of motion was normal. (AR 19.) Sensation in upper extremities was normal. (AR 19.) In December 2012, based on cervical and lumbar MRIs, Dr. Perelman diagnosed cervical, bilateral shoulder, and lumbar strain but with no evidence of peripheral neuropathy or entrapment in any of the extremities. (AR 19.)

Consulting examiner Dr. V. Bernabe also assessed cervical, thoracic, and lumbar strain but nonetheless assessed a medium RFC. (AR 19.) Plaintiff was able to move freely around the office. (AR 19.) Cervical examination revealed that range of motion was full and painless. (AR 19.) Thoracic spine evaluation was unremarkable. (AR 19.) Although there was cervical and lumbar tenderness, straight leg raising was negative. (AR 19.)

In September 2013, State agency medical consultant Dr. J. Berry also assessed a medium RFC. (AR 20.) In January 2014, State agency medical consultant Dr. C. Kang assessed a light work RFC. (AR 20.) In October 2014, Dr. Allen of Arrowhead Orthopedics diagnosed cervical degenerative disc disease but with no work restrictions. (AR 20.) An October 2014 MRI indicated moderate multilevel degenerative disc disease but normal cervical cord intensity. (AR 20.) The ALJ gave weight to the opinions of Dr. Bernabe, Dr. Berry, Dr. Kang, Dr. Tran, and Dr. Perelman, none of whom found Plaintiff disabled. The contradictory opinions of other physicians provide specific legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

Plaintiff nonetheless challenges the ALJ's finding that Dr. De La Torre's opinions are unsupported by the record. Plaintiff notes that Dr. De La Torre made the following findings: moderate degenerative joint disease with straightening of C-spine; spinal canal stenosis; numbness on arms, back, and neck. (AR 1074-1075.) His comments on the two-page checklist are not accompanied by any treatment notes. Dr. De La Torre references moderate degenerative joint disease and spinal stenosis, which are only diagnoses. Young v. Sullivan, 911 F.2d 180, 181 (9th Cir. 1990) (mere diagnosis of impairment does not establish disability; there must be objective medical evidence of functional limitations). Other doctors made the

same diagnoses but did not find Plaintiff disabled.  The limitations Dr. De La Torre assessed, moreover, are contrary to the objective medical evidence described above and to the numerous other medical opinions finding Plaintiff not disabled.  The ALJ reasonably rejected Dr. De La Torre's opinion.

Because of the lack of support in the record for disability, the ALJ determined that Dr. De La Torre's opinion was based on Plaintiff's subjective complaints.  Indeed, the ALJ made an adverse credibility finding that Plaintiff does not contest here.  (AR 21.)  A treating physician's opinion based on subjective complaint of a client whose credibility has been discounted can be properly disregarded.  Tonapetyan, 242 F.3d at 1149.  The ALJ determined that Plaintiff's activities of daily living are inconsistent with disability and consistent with the ALJ's RFC.  (AR 21.)  Plaintiff does laundry, cooks, cleans, and does his own grocery shopping.  (AR 21.)  An ALJ may reject a physician's opinion that is contradicted by Plaintiff's observed or admitted abilities or other evidence that indicates his symptoms are not as severe as alleged.  Bayliss, 427 F.3d at 1216.  The ALJ also found that Plaintiff had received limited and conservative treatment inconsistent with the degree of disability asserted.  (AR 21.)  An ALJ may consider conservative treatment in evaluating credibility.  Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008).  The ALJ further documented that diagnostic testing was largely within normal limits; objective documentary findings of physicians were minimal.  (AR 21.)  An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).

Plaintiff disputes the ALJ's interpretation of the evidence regarding Dr. De La Torre, but it is the ALJ's responsibility to resolve conflicts in the medical evidence.  Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ provided specific legitimate reasons supported by substantial evidence for rejecting the limitations assessed by Dr. De La Torre.

## II. THE ALJ PROPERLY FOUND THAT PLAINTIFF DID NOT MEET OR EQUAL A LISTING

The ALJ determined at step three of the sequential process that Plaintiff does not have an impairment or impairments that meets or medically equals the severity of a listed impairment. (AR 17.) The ALJ specifically found that Plaintiff's accepted impairments of degenerative disc disease of the neck and back are "not attended, singly or in combination, with the specific clinical signs and diagnostic findings required to meet or equal the requirements set forth in the Listing of Impairments, including Sections 1.04 and 12.04." (AR 17.)

In a pre-hearing memorandum (AR 247-251), Plaintiff asserts that he meets the requirements of Listing 1.04 which provides as follows:

> 1.04. <u>Disorders of the spine</u> (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, ostearthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in a compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of the spine, motor loss (atrophy with associated muscle weakness or muscle weaknesses) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . .

No physician opined that Plaintiff met Listing 1.04A or any Listing. Not even Dr. De La Torre offered such an opinion. Plaintiff does not contend otherwise. The ALJ found that Plaintiff's impairments are not attended by "specific clinical signs and diagnostic findings" required to meet or equal a Listing. No fewer than five physicians found Plaintiff was capable of performing light or medium work, findings inconsistent with Listing level disability.

Plaintiff argues he meets the motor loss/muscle weakness requirement of Section A, but his only citation to the record is to his own complaints. (AR 1060, 1065.) No physician or medical record documents the alleged muscle weakness. The ALJ found Plaintiff's subjective

complaints not entirely credible (AR 21), a finding Plaintiff does not challenge.  Plaintiff also asserts positive straight leg raising, but this assertion overstates the record.  The physician conducting the test in October 2012 noted that straight leg raising, both sitting and supine, was tolerated to 70 degrees on the right and 90 degree on the left.  (AR 559.)  No opinion, positive or negative, was given.  In August 2013, Dr. Bernabe reported negative straight leg raising, both supine and sitting.  (AR 19.)

Nor was there any duty to develop the record further.  Five physicians found Plaintiff was not disabled.  Plaintiff, of course, disagrees with the ALJ's interpretation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

The ALJ did not err in finding that Plaintiff did not meet or equal any Listing.

* * *

The ALJ nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: February 8, 2018           */s/ John E. McDermott*
                                  JOHN E. MCDERMOTT
                                  UNITED STATES MAGISTRATE JUDGE